UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

STRIKE 3 HOLDINGS, LLC,                                    :
                                                          :
                            Plaintiff,                     :
                                                          :          **ORDER**
            -against-                                     :
                                                          :          25-CV-3102-JRC
JOHN DOE subscriber assigned IP address                   :
108.41.189.200,                                           :
                                                          :
                            Defendant.                     :

------------------------------------------------------------------- x

**JAMES R. CHO, United States Magistrate Judge:**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this infringement action under

the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act"), against an

unidentified Doe Defendant ("Doe Defendant"), who is charged with unlawfully downloading

and distributing unauthorized copies of Plaintiff's copyrighted materials online. *See generally*

Compl. (Dkt. No. 1). The Doe Defendant has as yet only been identified by Internet Protocol

address 108.41.189.200 ("IP address"). *See id.* Currently pending before this Court is a motion

for expedited discovery under Federal Rule of Civil Procedure 26(d)(1), seeking permission to

serve a subpoena upon Verizon Fios, the Doe Defendant's Internet Service Provider ("ISP"), to

obtain the true identity of the Doe Defendant. *See* Pl. Mot. (Dkt. No. 7). For the reasons set

forth below, this Court grants Plaintiff's motion for leave to take discovery prior to holding a

Rule 26(f) conference, subject to the protective measures set forth herein.

The discovery request here is reasonably likely to "lead to identifying information that

would make possible service upon particular defendants who could be sued in federal court."

*Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (citation omitted).

However, it is also likely that a subscriber identified as associated with the allegedly infringing

IP address may not, in fact, be the alleged infringer described in Plaintiff's Complaint. The alleged infringer could be "a member of [the subscriber's] family, an employee, invitee, neighbor or interloper." *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 85 (E.D.N.Y. 2012); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237-38 (E.D.N.Y. 2012). In light of this potential risk and the sensitive nature of the allegations, special measures are necessary to protect the reputation of a possibly innocent subscriber from being incorrectly identified as the Doe Defendant, and to minimize Plaintiff's incentive to engage in abusive litigation practices. *See, e.g., In re BitTorrent*, 296 F.R.D. at 89-90, 93.

Courts in this District have approved similar motions filed by Plaintiff. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-1553, 2021 WL 1812633 (E.D.N.Y. May 6, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 20-CV-4501, 2021 WL 535218 (E.D.N.Y. Feb. 12, 2021); *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-945, 2019 WL 4752094 (E.D.N.Y. Sept. 30, 2019). For the reasons articulated in those cases, and in light of the materially indistinguishable allegations, motion, and documentary evidence presented here, the Court concludes that good cause exists to allow for the expedited discovery and grants Plaintiff's motion for leave to serve a Rule 45 subpoena on the ISP to obtain the Doe Defendant's name and address, subject to the protective measures herein. Accordingly:

**IT IS ORDERED** that Plaintiff may serve a subpoena in compliance with Fed. R. Civ. P. 45 (the "Subpoena") on the ISP specifically identified in the Complaint in the above-captioned matter to obtain only the name and address of the internet subscriber associated with the IP address also identified in the Complaint. Under no circumstances is Plaintiff permitted to seek or obtain Doe Defendant's phone number or email address, or to seek or obtain information about potential defendants other than the Doe Defendant whose IP address is specifically identified in

the Complaint, without a further Court order.  The Subpoena must include a copy of the Complaint and this Order; and

**IT IS FURTHER ORDERED** that, upon receiving the Subpoena, the ISP shall use reasonable efforts to identify the internet subscriber associated with the referenced IP address, but shall not immediately disclose such information to Plaintiff.  Rather, within 60 days of receiving the Subpoena, the ISP shall serve a copy thereof, together with a copy of the Complaint and this Order, upon the subscriber it determines to be associated with the implicated IP address.  This measure is appropriate to place the subscriber on fair notice of Plaintiff's efforts to obtain his or her identifying information, and his or her right to contest the Subpoena or litigate it anonymously.  In this regard, service by the ISP upon the Doe Defendant may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class or overnight delivery service; and

**IT IS FURTHER ORDERED** that the ISP shall notify Plaintiff within 10 days of mailing the documents to the subscriber associated with the IP address at issue that it has done so, but the ISP may not disclose Doe Defendant's identifying information to Plaintiff in that notice.  Within 10 days of receiving such notice from the ISP, Plaintiff must file a status report notifying the Court that the Doe Defendant has been served these documents; and

**IT IS FURTHER ORDERED** that the Doe Defendant who receives a copy of the Subpoena, Complaint, and this Order will have a period of 60 days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously.  The ISP may not disclose Doe Defendant's identifying information to Plaintiff, or its employees or agents, at any time before the expiration of the 60-day period.  In the event the Doe Defendant files a motion to quash or modify the

Subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the ISP so that the ISP is on notice.  The ISP may not release the Doe Defendant's information to Plaintiff, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing the ISP to turn over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which the Doe Defendant may contest or otherwise move with respect to the Subpoena lapses without such action, the ISP will have a period of 10 days to produce the information responsive to the Subpoena to Plaintiff or file its own motion to quash, if it so chooses; and

**IT IS FURTHER ORDERED** that the ISP receiving the Subpoena shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested therein.  If an ISP elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to the Subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in the Complaint and only for this action, and no other purpose, including, but not limited to, future litigation against the same Defendant, unless otherwise ordered by the Court; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, the case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the Subpoena; and

**IT IS FURTHER ORDERED** that Plaintiff shall not initiate settlement discussions or attempt to contact the Defendant prior to service of the Complaint, without leave of Court.  If the

Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case; and

**IT IS FURTHER ORDERED** that, provided Plaintiff serves the Subpoena authorized by this Order upon the ISP within 30 days of the date of this Order, Plaintiff's time to serve Defendant pursuant to Fed. R. Civ. P. 4(m) is extended to either 30 days after the expiration of the period within which Defendant or the ISP may move to quash or modify the Subpoena, or until 30 days following the denial of any such motion.

Dated: Brooklyn, New York
       June 17, 2025

s/ James R. Cho
JAMES R. CHO
United States Magistrate Judge